FLORA McKNIGHT PIERCE, EXECUTRIX AND SOLE BENEFICIARY UNDER THE LAST WILL OF WILLIAM L. PIERCE, PROSECUTRIX, v. NEWTON A. K. BUGBEE, COMPTROLLER OF THE TREASURY OF THE STATE OF NEW JERSEY, RESPONDENT.

Submitted December 3, 1923—Decided March 12, 1924.

**Inheritance Tax—Transfers Made in Contemplation of Death— Transfer Made by Husband to Wife While Ill and Without Consideration—Income Used For Benefit of Husband and Family Until After His Death and Then Divided Among Wife and Children—Held to Have Been Taxable.**

On *certiorari,* &c.

Before Justices TRENCHARD and CAMPBELL.

For the prosecutrix, *Robert Carey, Harry Lane* and *William L. Rae.*

For the respondent, *Thomas F. McCran,* attorney-general, and *Francis H. McGee.*

PER CURIAM.

This is a *certiorari* to review a transfer inheritance tax assessed against the estate of William L. Pierce, deceased.

Five reasons are assigned why the assessment should be set aside. Only three of these are argued, viz.:

1. The personal estate appraised at $427,851.91 by the state. comptroller did not belong to the said William L. Pierce at the time of this decease, but had been transferred by him to Flora McKnight Pierce, on August 10th and 11th, 1918.

2. Said transfer by decedent to the said Flora McKnight Pierce was not made in contemplation of death.

3. The said personal property listed and appraised by the said comptroller belonged absolutely to the said Flora McKnight Pierce, and should not have been taxed as a part of the estate of decedent.

The facts appear to be that the decedent, William L. Pierce, had been a nervous invalid for about eight years prior to his death, which occurred August 31st, 1919. He had delusions and had the idea that he was losing his mentality and the power to use his right hand. On August 10th, 1918, while in a sanitarium in Connecticut, he transferred, without consideration, to his wife, Flora McKnight Pierce, bonds and other securities of a value of upward of $400,000.

From the date of this transfer until the death of her husband the prosecutrix collected the income upon these securities and used the same for the maintenance and support of her husband and sons, and after the death of her husband divided the total *corpus* of the securities amongst herself and four sons, each taking a one-fifth part.

The return made by prosecutrix, as executrix of William L. Pierce, deceased, to the comptroller, under date of June 15th, 1920, did not include the securities transferred to her on August 10th, 1918.

The examination conducted by the comptroller took place on November 18th, 1921, and December 14th, 1921. The report thereof was submitted January 29th, 1923. A return, including the securities in question, was filed and verified by prosecutrix on January 19th, 1923, and the assessment under review, amounting to $10,278.48, made January 30th, 1923.

The statute in force at the time of the death of William L. Pierce, on August 31st, 1919, was section 148 (*1st Supp. Comp. Stat., p.* 1538), which provided for the imposing of a tax:

"3. When the transfer is of property made by a resident * * * by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect for possession or enjoyment at or after such death."

We think the evidence fully warrants a finding that the transfer of securities in question was made in contemplation of death, or at the least "intended to take effect for possession or enjoyment at or after such death."

Such a conclusion is not out of harmony with the will of the testator of prosecutrix, nor with her treatment of the estate and securities as turned over by him to her on August 10th, 1918, nor with her further very apparent understanding of such transfer as shown by testimony that it was Mr. Pierce's idea to let her keep this property until he recovered his health, and had the latter happened she certainly would have offered to return the property.

We think it unnecessary, in view of the conclusion we have come to upon the facts in this case, to determine whether or not the presumption raised by the statute (*Pamph. L.* 1922, *p.* 293) could legally have been applied. Such act was approved March 11th, 1922; decedent died August 31st, 1919; the transfer to prosecutrix was made August 10th, 1918, and the assessment of the tax in question having been made January 30th, 1923.

The tax assessed by the comptroller and brought up by this writ will be affirmed, with costs.